James T. McMillen
14522 Red Mulberry Lane
Houston, Texas 77044-4927
Tel: (281) 458-9100
Fax: (832) 201-8533

Keith Morris
The Morris Law Office
5151 San Felipe, Suite 1950
Houston, Texas 77044-4927
Tel: (713) 260-3926
Fax: (713) 893-6268

**IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **BETTYE BAKER, on behalf of herself and others similarly situated,**<br>　　Plaintiff,<br><br>-VS.-<br><br>**PALISADES COLLECTION, L.L.C.,**<br>　　Defendant. | **CIVIL ACTION<br>NO. 07-1398** |

# COMPLAINT

## PRELIMINARY STATEMENT

This action is instituted in accordance with and to remedy Defendant's violations of the Federal Fair Debt Collections Practices Act, 15 U.S.C. Sections 1692 et seq. (hereinafter ``FDCPA''). Plaintiff brings this action both individually on her own behalf and as a class action on behalf of all other persons similarly situated, to recover damages for herself and to enjoin Defendant's unlawful conduct as it affects all other consumers. This action evolves out an initial letter sent by a debt collector to consumers advising them that if they do not contact the debt collector within 14 days

that the debt collector will assume that the balance is correct overshadowing the notice required by 15 U.S.C. §1692g ("FDCPA"). A copy of the letter is attached hereto as Exhibit "A". The letter was mailed by Palisades Collection, L.L.C. to the Plaintiff, Bettye Baker on March 7, 2007.  Plaintiff therefore seeks hereby to recover actual, statutory, damages on behalf of herself individually, as well as declaratory and equitable relief on behalf of the class which she seeks to represent, together with reasonable attorneys' fees and costs.

## JURISDICTION

1. Jurisdiction of this Court attains pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. §1331.  Venue in this District is proper because defendants' do business in the Southern District of Texas..

## PARTIES

2. Plaintiff, Bettye Baker, is a natural person who resides in Houston, Texas, and is a ``consumer'' as defined by 15 U.S.C. § 1692a(3).

3. Defendant, Palisades Collection, L.L.C., is a New Jersey corporation, the principal purpose of whose business is the collection of debts, operating a debt collection agency from its principal place of business in Englewood Cliffs, New Jersey, regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a ``debt collector'' as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

4. On or about March 7, 2007, Palisades Collection, L.L.C., mailed an initial letter

to the Plaintiff, Bettye Baker stating that if she did not here from her within 14 days from the date of the letter (March 7, 2007) that they would assume that she agreed that the balance was correct.  Said language overshadows the requirements contained in 15 U.S.C. §1692g. See Exhibit "A" attached to this complaint.

5.	These collection letters were mailed in an attempt to collect alleged debts arising from transactions primarily for personal, family, or household purposes.

6.	The Defendant violated the FDCPA because the collection letter overshadowed the required § 1692g verification notice.

7.	The March 7, 2007 states:

> Please be advised that your account has been sold to Palisades. We are conducting a review and audit of your account, and we are requesting your assistance in confirming the balance of your account. If the balance listed above is NOT correct please contact us immediately. If we do not hear from you within 14 days from the date of this letter, then we will assume that you agree that the balance of the above account is correct.

8.	<u>Exhibit "A"</u> overshadows the §1692g notice by stating that " If we do not hear from you within 14 days from the date of this letter, then we will assume that you agree that the balance of the above account is correct."

9.	In fact, if the debtor requests validation of the debt within thirty (30) days not fourteen (14) days, then Palisades Collection, L.L.C. may not assume that the debt is correct and Palisades Collection, L.L.C.  must cease collection activities until validation is provided.  Additionally, if the debtor so requests, Palisades must cease communicating with him/her.  The letter gives a least sophisticated debtor a false sense of urgency by requesting that the debtor contact them immediately and if the don't within fourteen days of the date of the letter Palisades Collection, L.L.C. will assume the

balance is correct.

10. Section 1692g provides:

> **§ 1692g.    Validation of debts [Section 809 of P.L.]**
>
> **Notice of debt; contents**
> **(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**
>
> **(1)    the amount of the debt;**
>
> **(2)    the name of the creditor to whom the debt is owed;**
>
> **(3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
>
> **(4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
>
> **(5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**
>
> **Disputed debts**
>
> **(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of**

> **the original creditor, is mailed to the consumer by the debt collector.**
>
> **Admission of liability**
>
> **(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**

11. Section 1692e provides:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

## CLASS ACTION

12. This action is maintained as a class action on behalf of the following described class: all consumers residing in the United States who, commencing one year before the date of filing of this Complaint, to whom the Defendant, Palisades Collection, L.L.C. mailed a similar letter as identified in Exhibit "A" in which it indicated that it would assume the debtor agreed with the balance in the letter if the debtor did not respond in 14 days after the date of the letter.

13. Plaintiff alleges on information and belief that the class is so numerous that joinder of all members is impractical.

14. There are questions of law and fact common to the class members, which common issues predominate over any issues involving only individual class members. The principal issue is whether <u>Exhibit A</u> violates the FDCPA.

15. Plaintiff's claims are typical of those of the class members. All are based on the same facts and legal theories.

16. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has

retained counsel experienced in handling class actions and actions involving unlawful business practices, including claims under the FDCPA. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

17.    Certification of the class under Fed.R.Civ.P. 23(b)(3) is appropriate in that:

    (A)    The questions of law or fact common to the members of the class predominate over any questions affecting only individual members.

    (B)    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

        (1)    Congress specifically provided for class actions as the principal means of enforcing the statute.

        (2)    Most of the class members are poor and unsophisticated persons, whose rights will otherwise go unredressed. This action is appropriately maintained as a class action as the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims of the representative party are typical of the claims of the class, and the representative party will fairly and adequately protect the interests of the class; in addition, Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

18.    Unless Defendant is enjoined and restrained from continuing the foregoing illegal practices, Plaintiff and the class whom she represents will suffer substantial and irreparable injury for which they have no adequate remedy at law.

19.    Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs.

## JURY DEMAND

Plaintiff hereby demands trial by six-person jury on all issues so triable.

**WHEREFORE**, Plaintiff requests that this Honorable Court grant the following relief:

1. Enter an order certifying this action as a class action.

2. Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendant to be unlawful, enjoining Defendant from continuing to engage in said conduct, and granting such additional equitable relief as may be appropriate as the results of sending similar letters in violation of 15 U.S.C. §1692g.

3. All actual and/or economic damages sustained as the result of the action of the Defendants and that the Defendant be required to restore any money or property which it may have acquired by means of any unlawful act or practice;

4. Any and all statutory penalties and/or additional damages pursuant to any statute violated by the Defendants;

5. Attorney fees together with conditional awards in the event of an appeal;

6. Court costs;

7. Such other and relief, both at law and in equity, both general and special, to which the Plaintiffs may be justly and legally entitled. .

                                                   Respectfully Submitted,

                                                   <u>/S/ James T. McMillen /S/</u>
                                                   James T. McMillen
                                                 Texas Bar No. 13800254/ S.D.I.D. #354
                                               14522 Red Mulberry Lane
                                               Houston, Texas 77044-4927
                                               Tel: (281) 458-9100
                                               Fax (832) 201-8533
                                               email: jim@jamesmcmillen.com
                                               Attorney in Charge for Plaintiff

-

/S/ Keith Morris /S/
Keith Morris
Texas Bar No. 24032879
Morris Law Office
5151 San Felipe, Suite #1950
Houston, Texas 77056
Tel: (713) 260-3926
Fax: (713) 893-6268
email: Keith@kmorrislaw.com
Attorney for Plaintiff