Manuel H. Newburger
Barron, Newburger, Sinsley & Wier, PLLC
1212 Guadalupe, Suite 102
Austin, Texas 78701-1837
(512) 476-9103

IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BETTYE BAKER, on behalf | § | |
| of herself and others | § | |
| similarly situated, | § | |
| Plaintiff, | § | |
| | § | |
| -VS.- | § | Civil Action No.  07-1398 |
| | § | |
| | § | |
| | § | |
| PALISADES COLLECTION, L.L.C., | § | |
| Defendant. | § | |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Palisades Collection, L.L.C., Defendant, hereby answers Plaintiff's

Complaint as follows:

A. ANSWERS TO THE ALLEGATIONS IN THE COMPLAINT

1.     With regard to the allegations in Paragraph 1 of the

Complaint, without admitting liability Defendant admits that the Court

has jurisdiction in this case and that venue is proper in this district.

2.     Defendant admits Paragraph 2 of the Complaint.

3.     With regard to the allegations in Paragraph 3 of the

Complaint, Defendant denies that it operates a debt collection agency

and it further denies that it regularly collects or attempts to collect debts that are due or allegedly due to another.  Defendant only collects debts that are due to it or its corporate affiliates.

4.     With regard to the allegations in Paragraph 4 of the Complaint, Defendant admits that it mailed to Plaintiff Exhibit "A" to her complaint, but it denies the remainder of the paragraph.

5.     With regard to the allegations in Paragraph 5 of the Complaint, Defendant denies that Exhibit "A" was sent in an attempt to collect alleged debts.  The letter was sent as part of an audit and review procedure, and its purpose was to seek information, not money.  The letter even stated that it was not requesting payment. Furthermore,, it is not clear that all of the persons to whom such letter was sent incurred the debts for personal, family, or household purposes, and that portion of the paragraph is denied, except as to Plaintiff.

6.     Defendant denies Paragraph 6 of the Complaint.

7.     Defendant admits that Paragraph 7 of the Complaint correctly quotes the letter.

8.     Defendant denies Paragraph 8 of the Complaint.

9.     Defendant denies Paragraph 9 of the Complaint.

10.     Paragraph 10 of the Complaint is a recitation of statutory text and does not require an answer.

11.     Paragraph 11 of the Complaint is a recitation of statutory text and does not require an answer.

12.     With regard to the allegations in Paragraph 12 of the Complaint, Defendant denies that this action should be certified as a class action and further denies that the class definition is proper.

13.     While denying liability and the appropriateness of certification, with regard to the allegations in Paragraph 13 of the Complaint, Defendant admits that numerosity is not a disputed issue.

14.     Defendant denies Paragraph 14 of the Complaint.

15.     Defendant does not yet know if Plaintiff is typical of the rest of the class that she seeks to represent and it therefore denies Paragraph 15 of the Complaint.

16.     With regard to the allegations in Paragraph 16 of the Complaint, while Defendant does not challenge the adequacy of the putative class counsel, Defendant does not yet know if Plaintiff can fairly and adequately represent the interests of the putative class that she seeks to represent and it therefore denies that allegation in Paragraph 16 of the Complaint.

17.     Defendant denies Paragraph 17 of the Complaint.  With regard to Paragraph 17(B)(2) Defendant asserts that injunctive relief is not available in a suit under the FDCPA. The United States Court of Appeals for the Eleventh Circuit has held that FDCPA claims "clearly fall into a traditional tort area analogous to a number of traditional torts. The relief sought is money damages - the traditional form of relief offered in the courts of law. Indeed, equitable relief is not available to an

individual under the civil liability section of the Act." *Sibley v. Fulton Dekalb Collection Service*, 677 F.2d 830, 834 (11th Cir. 1982). Multiple other courts have similarly concluded that an FDCPA plaintiff cannot recover equitable relief. *See, e.g., Weiss v. Regal Collections, Inc.*, 385 F.3d 337 (3d Cir. 2004); *Crawford v. Equifax Payment Svcs., Inc.*, 201 F.2d 877 (7th Cir. 2000); *In Re: Risk Management Alternatives, Inc.*, 208 F.R.D. 493, 503 (S.D.N.Y. 2002); *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 399 (E.D.N.Y. 1998); *Ditty v. Checkrite, Ltd., Inc.*, 973 F.Supp. 1320, 1338 (D. Utah 1997); *Zanni v. Lippold*, 119 F.R.D. 32 (C.D.Ill. 1988); *Strong v. National Credit Management Co.*, 600 F. Supp. 46 (E.D.Ark. 1984); *Duran v. Credit Bureau of Yuma, Inc.*, 93 F.R.D. 607, 608-09 (D. Ariz. 1982); *Weiss v. Fein, Such, Kahn & Shepard, P.C.*, 2002 U.S. Dist. LEXIS 4783 (S.D.N.Y. 2002); *White v. OSI Collection Servs.*, 2001 U.S. Dist. LEXIS 19879 (E.D.N.Y. 2001); *Goldberg v. Winston & Monroe*, 1997 U.S. Dist. LEXIS 3521 (S.D.N.Y. 1997).

18.   Defendant denies Paragraph 18 of the Complaint.

19.   Defendant denies Paragraph 19 of the Complaint.

20.   Plaintiff's Jury demand does not require an answer.

21.   Defendant denies that Plaintiff is entitled to the relief requested in the prayer to the Complaint.

## B. AFFIRMATIVE DEFENSES

22.   Defendant asserts that (for the reasons set forth above) equitable relief is not available in an FDCPA case.

23.     Defendant asserts the bona fide error defense provided for in 15 U.S.C. § 1692k(c) and asserts that the alleged violation of the FDCPA was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

24.     Defendant asserts the defense of setoff.  The members of the alleged putative class are indebted to Defendant and Defendant is entitled to a setoff against the recovery of each such class member based upon the debts that are owed to Defendant.

25.     Defendant asserts that it is or may be entitled to the defense of settlement or accord and satisfaction as to some members of the alleged putative class.

WHEREFORE, Defendant prays that certification be denied and that Plaintiff take nothing in this case. Defendant further prays for all such other and further relief, at law or in equity, as to which it may be justly entitled.

Respectfully submitted,

/s/ Manuel H. Newburger
Manuel H. Newburger
State Bar No. 14946500
Barron, Newburger, Sinsley & Wier, PLLC
1212 Guadalupe, Suite 102
Austin, Texas 78701-1837
(512) 476-9103
Fax: (512) 279-0310

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing has been served on plaintiff's attorney of record through the Court's ECF system and by facsimile transmission, receipt of which has been electronically confirmed, on this, the 19th day of June, 2007, at the address/fax number below.

/s/ Manuel H. Newburger
Manuel H. Newburger

SERVICE LIST:

James T. McMillen
14522 Red Mulberry Lane
Houston, Texas 77044-4927
Fax: 832-201-8533

Keith Morris
Morris Law Office
5151 San Felipe, Suite #1950
Houston, Texas 77056
Fax: 713-893-6268