IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BETTYE BAKER, on behalf of herself and others similarly situated,<br>    Plaintiff, | § § § § § | |
| -VS.- | § § | Civil Action No. 07-1398 |
| | § § § | |
| PALISADES COLLECTION, L.L.C.,<br>    Defendant. | § § | |

**FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT
AND PAYMENT OF ATTORNEYS' FEES TO CLASS COUNSEL**

This case has come before the Court for final approval of the Class Action Settlement Agreement and for dismissal of this action pursuant to the terms of the Class Action Settlement Agreement, due notice to the Class having been given pursuant to the Court's order of February 28, 2008.

The parties appeared through their respective attorneys of record and announced ready to proceed, and the Court conducted a final fairness hearing on the proposed class settlement as contemplated by Fed. R. Civ. P. 23.

THE COURT HEREBY FINDS THAT:

1.    The parties entered into a Class Action Settlement Agreement ("Settlement Agreement") dated as of January 4, 2008.

1

2. Within ten days of filing the proposed settlement with the Clerk of the Court Defendant complied with the requirements of 28 U.S.C. § 1715.

1. By Order dated _ February 28, 2008, the Settlement Agreement was preliminarily approved by the Court, pursuant to Fed. R. Civ. P. 23, and this Court certified the settlement class, consisting of: all individuals in the United States, Puerto Rico, and Guam who, during the period from April 27, 2006 through February 28, 2008:

    a. were sent a letter from Defendant Palisades Collection, LLC;

    b. in substantially the same form as <u>Exhibit A</u> to Plaintiff's Complaint in this case;

    c. concerning a debt incurred for personal, family, or household purposes;

    d. whose letter was not returned as undeliverable by the Postal Service; and

    e. whose account was owned by Defendant as of February 28, 2008.

3. The Class excludes any consumers who would meet the class definition but who: (a) have already settled an FDCPA claim against Defendant since the start of the Class Period; or (b) have been granted a discharge in bankruptcy since the start of the Class Period; or (c) have already settled their accounts with Defendant in full for less than the full balance. Subject to such exclusions Defendant has represented to the Court that the Class consists of approximately 29,072 persons.

4. The Complaint in this action alleges that Defendant violated the Fair Debt Collection Practices Act. Defendant denies Plaintiff's allegations and asserts, *inter alia*, that its conduct was not in violation of that Act. The settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

5. On February 28, 2008, after consideration of the evidence, the papers filed in the above-referenced cause and the argument of counsel, the Court made a preliminary determination that: (i) the proposed settlement class was potentially certifiable under Fed. R. Civ. P. 23(b)(3); and (ii) the proposed settlement of the claims of the class against Defendant appeared to be fair, adequate, and reasonable, and therefore, within the range of approval.

6. The Notice that was approved by the Court and mailed to the members of the Class gave fair, adequate, and reasonable notice to the members of the Class of the nature of this action, the potential liability of Defendant, Defendant's defenses, the terms of the settlement, the proposed compensation to the Class, the proposed compensation to the Class Representative, the proposed payment to Class Counsel, the method by which they could opt out, and the method by which they could object to the Settlement.

7. Pursuant to the provisions of the Settlement Agreement and the preliminary approval order, the Class Notice was mailed by Defendant to all members of the Settlement Class.

8. No objections were received and no members of the Settlement Class sought leave of this Court to intervene.

9. 12 members of the class elected to opt out of this action. Those persons are listed on the attached Exhibit A and are excluded from the Settlement Class. They shall not be bound by the settlement, the release, nor the injunctive relief described below.

10. The procedures set forth in the Settlement Agreement and the preliminary approval order for opting out or objecting are fair, adequate, and reasonable.

11. The proposed settlement is fair, reasonable, and adequate and meets the requirements of Fed. R. Civ. P. 23.

12. The Settlement Agreement calls for Defendant to provide a credit of $25.00 or the balance owing to it, whichever is less, to all class members who have not filed proofs of claim. Such credits are to be applied first to principal, and if the principal balance in less than $25.00, next to interest and other fees. Any class member whose total balance due is less than $25.00 shall be given a credit for his or her entire remaining balance. 59 members of the Class have submitted proof of claim forms. Each such person shall be paid $10.00 in lieu

4

of the aforesaid credit. Payments shall be made within thirty days of the date that this order becomes final.

13. The Court finds that pursuant to 15 U.S.C. § 1692k Plaintiff is entitled to recover her individual statutory damages claim in the amount of $1,000.00. Additionally, Plaintiff is award an additional $1,500 for her duties as the class representative. Such payment shall be made within thirty days of the date that this order becomes final.

14. The Court finds that Class Counsel have secured such payments for the benefit of the Class, and that they should be compensated for their reasonable and necessary attorney's fees and expenses in this case in the amount of $40,000.00, which is to be paid by Defendant in addition to the compensation to Plaintiff and the Class.

15. All checks to Class Members will expire after 120 days. Any such checks that are uncashed by Class Members, either because the settlement check was returned as undeliverable or without a forwarding address, or because the check remains uncashed 120 days after distribution, shall be paid to The Texas Consumer Law Center of the University of Houston as a *cy pres* remedy.

16. The Court finds the settlement to be fair, adequate and reasonable for the following reasons, among others: (1) the Class is receiving compensation in the form of account credits that exceed by $250,000.00 the maximum class recovery under the FDCPA, and a credit against a debt that is owed is a true

value to each class member in the amount of such credit; (2) there has been no admission of wrongdoing, and Defendant has not been found to have acted unlawfully; (3) furthermore, the complete lack of objections by class members is further evidence of the fairness, reasonableness, and adequacy of the settlement; (4) finally, the fact that any Class Members who did not want the credit had the ability to recover a cash class distribution is further evidence of the fairness, reasonableness, and adequacy of the settlement.

17. The Court finds the settlement negotiations were conducted at arm's-length and in good faith among all counsel and that the terms of the Settlement Agreement are fair, reasonable and adequate to Plaintiff and all members of the Class.

18. Within thirty (30) days after this order becomes final all credits required by the settlement shall be applied and all checks required by the settlement shall be sent by Defendant (or, at Defendant's sole discretion, its designated claims administrator).

19. Payment by the Defendant of the fees and costs to Class Counsel as set forth above is hereby approved as such fees are reasonable in this case.

**IT IS THEREFORE, ORDERED THAT:**

i. The Settlement Agreement dated January 4, 2008, is hereby approved.

ii. For Bettye Baker, her heirs, executors, administrators, successors, assigns, and attorneys, the Court hereby releases, acquits, and forever

6

discharges Palisades Collection, LLC and all of its principals, partners, officers, directors, shareholders, parent, affiliate, and subsidiary entities, managers, employees, agents, representatives, successors, assigns, insurance carriers, clients, and attorneys from any and all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever that Bettye Baker may have against them as of the date of this order, it being the Court's intent to release all claims of any kind or nature, known or unknown, rising pursuant to contract, tort, common law, statute, or regulation, that Bettye Baker may have against the parties herein released. Furthermore, all claims, rights, and causes of action that Defendant may have against Bettye Baker in her individual capacity are hereby released and forever discharged.

iii.     For the Class, and the Class Members' respective heirs, executors, administrators, successors, assigns, and attorneys, the Court hereby releases, acquits, and forever discharges Palisades Collection, LLC, and all of its principals, partners, officers, directors, shareholders, parent, affiliate, and subsidiary entities, managers, employees, agents, representatives, successors, assigns, insurance carriers, clients, and attorneys from any and all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever, which now exist or which may hereafter accrue on or before the last day of the opt-out period resulting from

the alleged validation notice violation as described in Plaintiff's Complaint in this action.

iv.     Plaintiff and the Class are forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any State, Federal, or Foreign Court or arbitration forum, against the parties released above, any causes of action, suits, claims or demands, whatsoever, in law or in equity, known or unknown at this time, which Plaintiff and the Class now have, ever had, or hereafter may have against Defendant, arising out of or relating to the released claims. Defendant is identically barred from pursuing any claims for relief under 15 U.S.C. § 1692k(a)(3) against Plaintiff or against any member of the Class arising out of the filing of this action.

v.      The underlying debts, which Defendant was attempting to collect, via the letters at issue, are in no way affected by this judgment except to the extent of the credits required by the settlement, and nothing contained herein or in the Settlement Agreement shall prevent Defendant or its successors in interest from continuing to attempt to collect the debts allegedly owed by the Class Members. Furthermore, nothing in this judgment shall bar the assertion of any defenses to such debts that are not related to or arising out of the released claims.

vi.     Defendant shall distribute the settlement funds as described above.

vii.    This Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

viii.   All claims for contribution, indemnification or reimbursement, however denominated, against Defendant arising under state or federal law, including those based in tort, contract or statute or any other body of law, in favor of persons, including any non-released persons who are asserted to be or who may be joint tortfeasors or wrongdoers with Defendant are hereby extinguished, discharged, satisfied, barred, and enjoined.

ix.     Except for the relief granted in this judgment, all remaining claims of Plaintiff and the Class are hereby dismissed with prejudice and with the parties each to bear their own costs.

x.      This order resolves all claims that have been asserted in this action and is a final judgment. The Clerk is directed to close this case.

Signed this 5th day of June, 2008.

HON. KEITH P ELLISON
UNITED STATES DISTRICT JUDGE

**OP OUTS**

| Name | Address | City | State | ZIP |
|---|---|---|---|---|
| Abulkhair, Assem | PO Box 2751 | Clinton | NJ | 7015 |
| Brewton, Jean M Fisher | PO Box 573 | Brownsville | TX | 75756 |
| Corry, Clint | 2030 Paluxy Court | Waxahachie | TX | 75167 |
| Green, Thomas R. | 4022 Southern Charm Ct | Arlington | TX | 76016 |
| Koutsoubos, Areti | 121 N. 21st St, Apt. 1f | Phila | PA | 19103 |
| Johnson, Ruth | | Athens | GA | |
| Jone, Debbie G | 786 Jeb Stuart | Saxe | VA | 23967 |
| Sarvela, Shawn & Marlyn | 12694 Hwy 51 South | Atoka | TN | 38004 |
| Moore, Kerry S. | 115 Winding River Rd | Eatonton | GA | 31024 |
| Taylor, Cheryl J. | 3943 Chestnut Grove | Grampain | PA | 16830 |
| Thorton, Marie | 11625 21st Ave. SW | Seattle | WA | 98146 |
| Welsch, Sheryl L | 37611 E Steinhauser RD | Oak Grove | MO | 64075 |

**EXHIBIT "A"**